In the Matter of CENTURY BRASS PRODUCTS, INC., Debtor.

CENTURY BRASS PRODUCTS, INC., Plaintiff,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ITS LOCAL 1604, Attilio D'Agostino, Howard Rochon, Lester Kucheravy, Defendants.

Bankruptcy No. 2–85–00197.
Adv. No. 2–86–0038.

United States Bankruptcy Court,
D. Connecticut.

Feb. 18, 1987.

See also, Bkrtcy., 58 B.R. 838.

Robert A. White, Murtha, Cullina, Richter and Pinney, Hartford, Conn., for debtor-plaintiff.

Michael B. Nicholson and Daniel Sherrick, Detroit, Mich., for Intern. Union, UAW and Its Local 1604 and Attilio D'Agostino, defendants.

Daniel Livingston and Ruth L. Pulda, Kestell, Pogue & Gould, Hartford, Conn., for Howard Rochon and Lester Kucheravy, defendants.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The sole issue in this preference-avoidance action is whether potentially unpaid postpetition union labor rendered to the debtor, a manufacturer of brass products, may constitute new value to be set off against a conceded prepetition preference to the union. All parties agree that there is no dispute as to any material fact. The debtor has moved for a summary judgment in its favor, to which the defendants object. *See* Bankr.R. 7056, Fed.R.Civ.P. 56.

## II.

Century Brass Products, Inc., the debtor, filed a chapter 11 petition on March 15, 1985. Three days previously, on March 12, 1985, upon the complaint of several employees, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and its Local 1604 (all hereinafter collectively referred to as the defendants), with whom the debtor had a collective bargaining agreement (union contract or contract), the district court had authorized a $5,000,-000.00 prejudgment attachment of the debtor's property. The defendants in their complaint alleged, *inter alia*, that the debtor was then in violation of the union contract.

In the present core adversary proceeding, the defendants admit the existence of all the elements of a preference-avoidance action—that is, that the defendants' attachment was a transfer of the debtor's property for the benefit of the defendants, on account of an antecedent debt, made within 90 days before the filing, while the debtor was insolvent, that will enable the defendants to receive more than if this were a case under chapter 7. 11 U.S.C. § 547(b).[1] The defendants contend, however, that they may claim the benefit of the subsequent "new value" provisions of § 547(c)(4) to defeat the debtor's motion. That section provides:

> The trustee may not avoid under this section a transfer
>
> > (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—
> >
> > > (A) not secured by an otherwise unavoidable security interest; and
> > >
> > > (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor....

As detailed in a prior ruling, *In re Century Brass Products, Inc.*, No. 2–85–00197, slip op. (Bankr.D.Conn. July 26, 1985), aff'd, 55 B.R. 712 (D.Conn.1985), rev'd., 795 F.2d 265 (2d Cir.1986), cert. denied, —— U.S. ——, 107 S.Ct. 433, 93 L.Ed.2d 383 (1986), following the filing of the chapter 11 petition, the debtor and the UAW unsuccessfully negotiated for a modification of the union contract. The debtor then applied for court authorization under § 1113 to reject the contract. Upon the granting of its application, the debtor stopped paying certain contractual benefits. The union members remained on the job under the reduced compensation package presented by the debtor.[2] It is these postpetition personal services of the union members, not currently being compensated at the full contract rate, that the defendants contend may constitute the new value referred to in § 547(c)(4), sufficient at this point to defeat the debtor's motion for summary judgment. The debtor claims that the new value provision of § 547(c)(4) refers only to the setting off of *prepetition* new value, and that the providing of *postpetition* new value cannot be offset against a prepetition preferential transfer.

## III.

### A.

■ The defendants seek support for their position from two sources. They point first to the language of § 547(c)(4) and emphasize that the statute does not expressly limit new value to prepetition services. This argument fails, however, in light of the legislative history of the statute.

Section 547(c)(4) was designed to carry forward § 60c of the Bankruptcy Act of 1898. Levin, *An Introduction to the Trustee's Avoiding Powers*, 53 Am.Bankr. L.J. 173, 187 (1979). Section 60c had addressed, and denied, the defendants' contention here. That statute provided:

---

1. All statutory references, unless otherwise noted, are to the Bankruptcy Code of 1978, as amended.

2. Following the reversal by the court of appeals of the bankruptcy court's authorization to reject the contract, new attempts apparently are being made to come to an agreement on the terms of a modification of the union contract.

If a creditor has been preferred, and afterward in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid *at the time of the adjudication in bankruptcy* may be set off against the amount which would otherwise be recoverable from him.

11 U.S.C. § 96(c) (repealed 1979) (emphasis added). Section 60c specifically limited the period in which new value may be offset against a preferential transfer to the period before the filing of the petition. 3 *Collier on Bankruptcy* ¶ 60.67 at 1138 (L. King 14th ed. 1979) ("But, of course, the right of the creditor to set off is restricted to the amount of the new credit remaining unpaid at the time of the filing of the petition."). Nothing in any of the congressional reports prepared during the ten-year debate over the new Code indicates that the language changes in § 547(c)(4) from the wording of § 60c were intended to extend the new value concept into the postpetition period. Section 547(c)(4) is the bankruptcy setoff analogue to § 553, which recognizes the right of setoff under non-bankruptcy law. In both instances, setoffs are allowed only for debts and credits which arise *prior* to the bankruptcy petition. "Section 553, similar to old Bankruptcy Act § 68, allows setoffs of mutual debts and credits which arise under *non-bankruptcy* law *prior* to a bankruptcy petition. Section 547(c)(4), on the other hand, creates under *bankruptcy* law a right of setoff limited to the preference area." Kaye, *Preferences Under the New Bankruptcy Code*, 54 Am.Bankr.L.J. 197, 206 (1980) (emphasis in original). I conclude that the language of § 547(c)(4) is not an adequate basis for allowing a prepetition preference to be offset by postpetition new value.

### B.

▮ The defendants' final argument relies upon three early bankruptcy-court decisions which approve, without discussion, setoffs of postpetition services against prepetition preferential transfers to landlord and public utility creditors. *Remes v. Yeo-mans (In re Quality Plastics, Inc.)*, 41 B.R. 241 (Bankr.W.D.Mich.1984) (lease); *Keydata Corp. v. Boston Edison Co. (In re Keydata Corp.)*, 37 B.R. 324 (Bankr.D. Mass.1983) (electric utility); *Thomas W. Garland, Inc. v. Nooney Co. (In re Thomas W. Garland, Inc.)*, 28 B.R. 87 (Bankr.E. D.Mo.1983) (lease). All later cases reject these holdings, and conclude that postpetition new value cannot be applied to offset preferential transfers. *See Jet Florida System, Inc. v. Eastern Air Lines, Inc. (In re Jet Florida System, Inc.)*, 59 B.R. 886 (Bankr.S.D.Fla.1986); *Bergquist v. Anderson-Greenwood Aviation Corp. (In re Bellanca Aircraft Corp.)*, 56 B.R. 339 (Bankr.D.Minn.1985); *Columbia Packing Co. v. Allied Container Corp. (In re Columbia Packing Co.)*, 44 B.R. 613 (Bankr. D.Mass.1984); *Tidwell v. Atlanta Gas Light Co. (In re Georgia Steel, Inc.)*, 38 B.R. 829 (Bankr.M.D.Ga.1984). *See also Bernstein v. Alpha Associates, Inc. (In re Frigitemp Corp.)*, 34 B.R. 1000, 1011 (S.D. N.Y.1983), *aff'd*, 753 F.2d 230 (2d Cir.1985) (rejection, by implication, of theory that postpetition value falls within ambit of § 547(c)(4)).

In *Bellanca*, the leading case, the court reasoned that because § 547(c)(4) applies only to new value given "to or for the benefit of the debtor", postpetition advances by definition do not fall within the purview of § 547(c)(4), because the filing of a petition in bankruptcy creates an estate which is a separate and distinct entity from the debtor. "Strictly applying the terms of section 547(c)(4), therefore, it becomes clear that postpetition advances of new value ostensibly to or for the benefit of the debtor should instead be allocated to the debtor's estate." 56 B.R. at 396. *Bellanca* further thoroughly analyzes the intricate statutory framework of the Code which authorizes a debtor to secure postpetition credit (§ 364), and which grants first administration expense priority to postpetition wages and salaries (§ 503(b)(1)(A)). *Id.* I conclude that the *Bellanca* line of holdings represents the correct view of § 547(c)(4).

## IV.

For the reasons stated above, the motion of the debtor for summary judgment is granted, and judgment may enter that the prejudgment attachment levied by the defendants against the debtor's property on March 12, 1985 is avoided under § 547 as a preferential transfer.  It is

SO ORDERED.